NO. 12-05-00020-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TORIANO THOMPSON,                                  §                 APPEAL FROM THE 369TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Toriano Thompson appeals the trial court’s order revoking his deferred adjudication
probation, following which he was sentenced to confinement for two years. Appellant raises two
issues on appeal. We affirm.
 
Background
            Appellant was charged with possession of less than one gram of cocaine and pleaded
“guilty.” The trial court deferred making a finding of guilt and sentenced Appellant to community
supervision for five years.
            On January 2, 2004, the State filed a motion to proceed with adjudication of guilt. In its
motion, the State alleged that Appellant violated the terms of his community supervision by driving
while intoxicated.


 The State further alleged that Appellant had failed to pay certain fees to the
Anderson County Community Supervision and Corrections Department as set forth in his community
supervision order. 
            The trial court conducted a hearing on the State’s motion on September 24, 2004. Appellant
pleaded “true” to all allegations in the State’s motion. Following the hearing, the trial court found
the allegations in the State’s motion to be true, revoked Appellant’s community supervision, and
sentenced Appellant to confinement for two years. This appeal followed.
 
Failure to Cite Authority
            Appellant was represented by counsel on appeal. Appellant filed his brief on March 21,
2005. That same day, our clerk’s office sent a letter to Appellant’s counsel advising him that his
brief failed to comply with Texas Rule of Appellate Procedure 38.1 for its failure to include an index
of authorities. See Tex. R. App. P. 38.1(c). Appellant, by and through his counsel, filed an amended
brief on March 24, 2005.



            Appellant raises two issues in his brief. For ease of reference, Appellant’s two issues and
the corresponding arguments are set forth in their entirety as follows:
 
Point of Error No. 1 The Court erred when it assessed a harsh punishment of two years in Texas
Department of Criminal Justice, State Jail Division for Motion to Proceed to Adjudication for
violation of community supervision[.] RR P13, L11-15.

ARGUMENT
 
Appellant plead [sic] true to the allegations and Appellant’s community supervision was modified for
Appellant to go to SAFPE. Appellant refused to agree to SAFPE because he had fallen behind on his
fines, costs and other community supervision provisions when he was initially sent to SAFPE in this
cause. If he agreed to go to SAFPE again, the fines and costs would continue to accrue and he would
get further behind and still be unable to comply with the provisions of his community supervision upon
his release from SAFPE[.] RR P7, L20-25.
 
Point of Error No. 2. The Court failed to recognize and take into consideration that Appellant’s failure
to comply with community supervision was due to the fact that he was incarcerated[.] RR P7, L9-25.

ARGUMENT
 
Appellant could not complete his community supervision and could not pay his fines and costs because
he was incarcerated[.] RR P7, L9-25.

            An appellant’s brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record. See Tex. R. App. P. 38.1(h). Failure to
cite authority in support of an issue waives the complaint. See Smith v. State, 959 S.W.2d 1, 17
(Tex. App.–Waco 1998, pet. ref’d) (citing Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App.
1995), overruled on other grounds, Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App.1998)); see
also Allen v. State, No. 12-01-00079-CR, 2003 WL 1090366, at *3 (Tex. App.–Tyler March 12,
2003, no pet.) (not designated for publication).
            Here, even after he was notified that his original brief was not in compliance with a related
subsection of Rule 38.1, Appellant wholly failed to make reference to even a scintilla of authority
supporting the two issues he raised on appeal. Rather, Appellant listed various record references
under the caption “Index of Authorities.” Presumably, Appellant was aware of the mandate set forth
in Rule 38.1(h) since he did make citations to portions of the record throughout his brief. But we
iterate that Rule 38.1(h) clearly requires both “appropriate citations to authorities and to the record.” 
Tex. R. App. P. 38.1(h) (emphasis added). Therefore, we hold that by his failure to comply with
Rule 38.1(h), Appellant has waived his complaints on appeal. Appellant’s first and second issues
are overruled.
 
Disposition
            Having overruled Appellant’s first and second issues, we affirm the trial court’s judgment. 

 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)